UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| CHARLES VAN MORGAN, )<br>)<br>*Plaintiff*, )<br>)<br>v. )<br>)<br>SCOTT ALLEN, JOHN DOE, )<br>WILLIAM ADAMS, TYRONE )<br>JACOBS, MARK BENDER, )<br>MORALES, and COTY WAMP, )<br>)<br>*Defendants*. ) | Case No. 1:23-cv-83<br><br>Judge Travis R. McDonough<br><br>Magistrate Judge Christopher H. Steger |

## MEMORANDUM AND ORDER

Before the Court is Plaintiff Charles Van Morgan's motion to dismiss (Doc. 34). On May 9, 2023, the Court dismissed several of Van Morgan's claims and abstained from exercising its jurisdiction as to his remaining claims to avoid interference with the ongoing state criminal proceedings against Van Morgan. (Doc. 33.) The next day, Van Morgan filed a motion to dismiss his case in its entirely because the state "agreed [to] dismissal of all criminal charges [against Van Morgan] without restriction," so he "do[es] not wish to pursue this civil rights law suit." (Doc. 34, at 1.)

Rule 41 of the Federal Rules of Civil Procedure provides two mechanisms by which a plaintiff may voluntarily dismiss his case:

> First, if an opposing party has yet to "serve[ ] either an answer or a motion for summary judgment," a plaintiff "may dismiss an action without a court order by filing a notice of dismissal." Fed. R. Civ. P. 41(a)(1)(A). Second, if an opposing party has served an answer or a motion for summary judgment, then "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). Although a notice of dismissal under Rule 41(a)(1) is self-effectuating and never subject to review, *D.C. Elecs.,*

*Inc. v. Nartron Corp.*, 511 F.2d 294, 298 (6th Cir. 1975), it "operates as an adjudication on the merits" if the plaintiff "previously dismissed any . . . action based on or including the same claim," Fed. R. Civ. P. 41(a)(1)(B). A court-ordered dismissal pursuant to Rule 41(a)(2), by contrast, is without prejudice "[u]nless the order states otherwise."

*Wellfount, Corp. v. Hennis Care Ctr. of Bolivar, Inc.*, 951 F.3d 769, 772 (6th Cir. 2020) (alterations in original).

In this case, Van Morgan is eligible to file a self-effectuating notice of dismissal under Rule 41(a)(1) because Defendants have not served answers or motions for summary judgment. *See* Fed. R. Civ. P. 41(a)(1)(A). However, he nonetheless moves the Court for dismissal. (*See* Doc. 34.) The Sixth Circuit has held that courts must not construe motions for voluntary dismissal under Rule 41(a)(2) as a self-effectuating notice of dismissal under Rule 41(a)(1) solely because he is eligible to file such a notice. *Wellfount, Corp.*, 951 F.3d at 773. Therefore, the Court will not construe Van Morgan's motion as a notice pursuant to Rule 41(a)(1) and will instead consider the motion under Rule 41(a)(2).

Van Morgan requests that his claims "be dismissed against all parties with prejudice." (Doc. 34, at 1.) Defendants did not timely respond to Van Morgan's motion to state what terms it considers proper as to dismissal of this case. In light of Van Morgan's request that the Court dismiss this case with prejudice, the dismissal of the state criminal charges against Van Morgan, and the centrality of the state criminal charges to Van Morgan's claims, the Court **FINDS** it proper to **DISMISS** this case **WITH PREJUDICE**. Accordingly, the Court **GRANTS** Van Morgan's motion (Doc. 34).

**AN APPROPRIATE JUDGMENT WILL ENTER.**

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**